**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert McDonald, ) | No. CV-10-01232-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| E-Service, Inc., ) | |
| Defendants. ) | |

On June 10, 2010, Plaintiff Robert McDonald filed a Complaint, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Doc. 1) Specifically, Plaintiff alleges, among others, that "Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt . . . Defendant placed approximately four (4) collection calls to Plaintiff every other day . . . Defendant failed to identify itself as a debt collector in the initial communication . . . Defendant stated to Plaintiff, 'f\*\*\*ing dead beat, why don't you pay your damned bills.'" (*Id*. at 2) After service and before filing its answer, Defendant filed a Motion to Dismiss on July 21, 2010. (Doc. 8) Plaintiff and Defendant have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (Doc. 6, 14)

On July 26, 2010, the Court issued an order striking Defendant's Motion to

Dismiss for failure to properly file its Motion in text-searchable .pdf format required by this District Court's Local rules and its ECF Manuel. (Doc. 12) Rather than denying the Motion and after explaining why the Motion was stricken, the Court afforded Defendant another opportunity to re-file its Motion provided it was re-filed on or before Monday, August 2, 2010, was substantively identical to its July 21, 2010 filing, and that it complied in all respects with the July 26, 2010 Order, the Local Rules and the ECF Manual or Defendant's Motion to Dismiss may not be considered. (*Id.*)

The Court advised Defendant that compliance with the District Court's LRCiv 5.5(b) and the ECF Manuel regarding filings in text-searchable .pdf format is not a petty requirement and that "[c]ompliance was not optional." (*Id.* at 1) The Court further ordered that defense counsel shall "use proper capitalization," i.e., use proper upper and lower case type to denote the correct spelling of party names, in all future captions as mandated by LRCiv 7.1(a)(3). (*Id.* at 2)

Incredibly, on July 28, 2010, Defendant re-filed its Motion to Dismiss, doc. 13, with the identical deficiencies identified in the Court's July 26, 2010 order striking Defendant's original Motion to Dismiss. (Doc. 13) Defendant's re-filed Motion to Dismiss, doc. 13, was not properly filed in text-searchable .pdf format and the caption did not "use proper capitalization," i.e., it contained all capital letters.

The Ninth Circuit has recently "explain[ed], yet again, the importance of following a district court's local rules. 'District courts have broad discretion in interpreting and applying their local rules.'" *Simmons v. Navajo County*, ___ F.3d ___, 2010 WL 2509181, * 3 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Although the Court's preference is to resolve Defendant's Motion on the merits, Defendant's failure to comply with LRCiv 5.5(b), LRCiv 7.1(a)(3), and the ECF Manuel, after Defendant was given a reasonable opportunity to re-file a conforming Motion, warrants a denial of Defendant's Motion. *Lopez v. Mortgage Electronic*, 2010 WL 2816697 (E.D.Cal. 2010) (adopting findings and recommendation dismissing case without prejudice for failing

to comply with local rules); *Tran v. Tyco Elec. Corp.*, 2008 WL 2037279, at * 2 (D.Or. 2008) (denying motion to compel where plaintiff failed to comply with Local Rule 37.1's requirements); *Burgess v. Pliler*, 2006 WL 278588, at * 3 (E.D. Cal. 2006) (defective motion to compel denied where party failed to follow local rule requiring that party set forth the requests propounded and allegedly deficient responses received); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (The Ninth Circuit has held that "failure to follow a district court's local rules is a proper ground for dismissal.").

The District Court's LRCiv 83.1(f)(1) authorizes a district or magistrate judge to "impose appropriate sanctions upon the party, attorney, super vising attorney or law firm who without just cause: (A) violates, or fails to conform to . . . the Local Rules of Practice for the District . . . ." Rather than imposing a monetary sanction and giving defense counsel a third order to comply with specific Local Rules, the Court will deny the Motion with prejudice.

Having violated a prior court order and LRCiv 5.5(b), LRCiv 7.1(a)(3), and the ECF Manuel without just cause,

**IT IS ORDERED** that Defendant's Motion to Dismiss, doc. 13, is **DENIED**. Defendant shall timely answer the Complaint as required by law.

Dated this 3rd day of August, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge