Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Robert McDonald

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert McDonald, | ) No. CV-10-1232-PHX-LOA |
| Plaintiff, | ) |
| v. | ) **MOTION TO DISMISS WITH PREJUDICE** |
| E-Service, Inc., | ) |
| Defendant. | ) **Honorable Lawrence O. Anderson** |

**MOTION TO DISMISS WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, Robert McDonald ("Plaintiff"), hereby moves for an order dismissing Plaintiff's verified Complaint with prejudice. This Motion will be based on the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff filed his verified Complaint against Defendant on June 10, 2010. *See* Document No. 1. In his verified Complaint, Plaintiff alleged that Defendant constantly and continuously placed collection calls to Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* On July 21, 2010, Defendant provided information that led Plaintiff to reconsider continuing litigation in this matter. *See* Exhibit A. On the same date of July 21, 2010, Defendant, without giving Plaintiff a reasonable opportunity to respond, filed its

Motion to Dismiss.  *See* Document No. 8.  On July 26, 2010, this Honorable Court struck Defendant's Motion to Dismiss for failure to comply with local rules.  *See* Document No. 12. On July 28, 2010, Defendant re-filed its Motion to Dismiss.  *See* Document No. 13.  On August 3, 2010, this Honorable Court denied Defendant's Motion to Dismiss.  *See* Document No. 16. On August 5, 2010, in light of the new information Plaintiff had received, Plaintiff requested account notes from Defendant in order to ascertain the validity of Defendant's claims in its July 21, 2010 correspondence to Plaintiff.  *See* Exhibit B.  On August 5, 2010, Plaintiff indicated to Defendant its willingness to seek voluntary dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See* Exhibit B.  Plaintiff did not receive a response to Plaintiff's August 5, 2010 request for account notes to Defendant.  On August 6, 2010, Defendant filed an Answer.  *See* Document No. 18.  Also on August 6, 2010, Defendant sent a letter to Plaintiff erroneously claiming that Plaintiff had not responded to Defendant's letter of July 21, 2010 (Exhibit A).  *See* Exhibit C.

Accordingly, Plaintiff now moves for voluntary dismissal of his Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).

**II.   LEGAL STANDARD**

If, as is the case here, the adverse party has served an Answer, dismissal is available to a Plaintiff only upon order of the Court and upon such terms and conditions as the Court deems appropriate.  Fed.R.Civ.P. 41(a)(2).  The trial court has considerable discretion in deciding whether to allow the withdrawal of a claim without prejudice. *Wakefield v. N.Telecom, Inc.,* 769 F.2d 109, 114 (2nd Cir. 1985).  "Generally…a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if Defendant will not be prejudiced thereby." *Id.* at 114. Here,

Defendant will suffer no legal prejudice if Plaintiff's motion is granted. Further, Defendant has agreed to not oppose Plaintiff's instant motion. *See* Exhibit D.

**III.   ARGUMENT**

Defendant will not be prejudiced if Plaintiff's motion to dismiss is granted. "Factors relevant to a court's decision whether or not to grant a motion to dismiss without prejudice include [1] plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

None of these factors warrant denying Plaintiff's motion. Plaintiff was not dilatory in bringing the motion, but indicated Plaintiff's intentions regarding dismissal immediately upon being provided with new information from the Defendant regarding the contacts made by Defendant's debt collector. This instant motion was not made to harass or annoy, but instead to bring the litigation to a conclusion without further expense on the part of Plaintiff or Defendant. This has not been a protracted lawsuit; rather, Plaintiff in good faith indicated to Defendant that Plaintiff intended to dismiss the case even prior to Defendant filing an answer. No discovery has taken place and no other motions have been filed. Because Plaintiff has brought his instant motion in a timely manner, and dismissal will not prejudice Defendant, Plaintiff's Motion to Dismiss with Prejudice should be granted.

//

//

//

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss this action against Defendant with prejudice.

                                        RESPECTFULLY SUBMITTED,

DATED:  September 9, 2010           KROHN & MOSS, LTD.

                                  By:  /s/ Ryan Lee_____

                                      Ryan Lee
                                      Attorney for Plaintiff

# EXHIBIT "A"

MOTION TO DISMISS

# EXHIBIT "B"

# EXHIBIT "C"

# EXHIBIT "D"

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF filing on September 9, 2010, to the following recipients:

**Mark Alan Tucker**
Mark A Tucker PC
2650 E Southern Ave
Mesa, AZ 85204
480-633-9466
Fax: 480-633-3406
Email: mark@tuckerlawaz.com

By: /s/ Ryan Lee
Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Robert McDonald